## THE MARION E. BULLEY.

## THE FRANK P. SCULLY.

## THE ARIOSA.

## THE GLORIA O.

## THE TOP SERGEANT.

### No. 176.

Circuit Court of Appeals, Second Circuit.

Feb. 7, 1938.

Thomas A. McDonald, of New York City, for Tug Gloria O., Conners Marine Co., Inc., claimant-appellant.

Macklin, Brown, Lenahan & Speer, of New York City (Horace Cheyney, of New York City, of counsel), for libelants-appellees.

William F. Purdy, of New York City (Edmund F. Lamb, of New York City, of counsel), for The Ariosa, Henry DuBois Sons Co., Inc., claimant-appellee.

Bigham, Englar, Jones & Houston, of New York City (Leonard J. Matteson and Richard F. Shaw, both of New York City, of counsel), for The Top Sergeant, Hedger Transportation Co., Inc., claimant-appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On August 28, 1930, the tug Ariosa with two loaded mud scows in tow on a 500-foot hawser was proceeding down the North River bound to sea. In the vicinity of Pier 35 the tug Top Sergeant with two light barges in tow on short hawsers passed between the Ariosa, her tow, and the New York shore, and between from 160 to 200 feet to their port. After the Top Sergeant and her barges had reached a point about 500 feet southwest of Pier A, North River, and some 800 feet ahead of the Ariosa, the

tug Gloria O. came out to her with a message to the captain of the Top Sergeant from the manager of his line requesting him to call his office on the telephone. He thereupon stopped his engines, dropped his hawsers and asked the master of the Gloria O. to hold the tow. The latter acceded to the request and made fast her hawsers while the captain of the Top Sergeant went ashore in his tug to telephone to his manager. While the Gloria O. was attaching her hawsers, her two barges were drifting some 200 or 300 feet further out in the river in the direction of Governors Island and in nearly the same course in which they had been towed by the Top Sergeant. The rear barge, however, had drifted somewhat to the starboard of that course and the Gloria O. went ahead to straighten out the alignment of her tow. The Ariosa came on with her scows and, when she had come within some 350 feet of the rear barge of the tow of the Gloria O., put her wheel to port in order to pass to the right of the tow of the Gloria O. In the meantime the Gloria O., believing that there was danger that the tow of the Ariosa would collide with her barges, proceeded sharply to port in order to avoid a collision. These maneuvers resulted in swinging the tail of the tow of the Gloria O. to starboard and the tail of the tow of the Ariosa to port, so that the last mud scow of the latter tug came in contact with the starboard end of the last barge of the Gloria O. and caused damage both to it and to the barge ahead of it. After the collision, the Top Sergeant returned from Pier 1 on the New York shore to take charge of her tow.

When the Ariosa saw the Top Sergeant stop her engines and drop her hawsers, her master blew an alarm and a single whistle, which showed that the Ariosa was to go to starboard, and proceeded to port his helm. These signals were not heard by the Gloria O., and the height of her barges obstructed the view of the Ariosa and her tow from the tug.

The pulling to port of the Gloria O. swung the tail of her tow to starboard, and the pulling to starboard of the Ariosa swung the tail of her tow to port. These maneuvers of the two tugs brought about the collision.

The Ariosa claims to have slowed down when she saw the Top Sergeant stop and the Gloria O. make fast her lines, but she never stopped her engines and held back. The trial judge found that, if the tow of the Gloria O. had remained stationary, the Ariosa would have got by without any collision and held the former vessel at fault for going to port. While the Gloria O. might have avoided the collision if she had kept her tow stationary or merely drifting, she went sharply to port because her master thought he could thus avert the collision, and indeed he nearly succeeded in avoiding it in spite of the maneuvers of both tugs. It was for the master of the Gloria O. to judge whether the tactics he adopted were wise under the circumstances, and we cannot say that he made a reckless decision in the emergency that confronted him. The Ariosa was an overtaking vessel bound under article 24 of the Pilot Rules for Inland Waters, 33 U.S.C.A. § 209, to "keep out of the way of the overtaken vessel." She plainly failed to comply with that rule.

The court below thought that it was negligent for the Gloria O. to attempt to hold or maneuver a tow when she knew it stood in the path of the Ariosa and the latter's tow and was unable to see the approaching vessels until they were close upon her. We think, however, that it was the duty of the Ariosa to hold back so as to keep her tow out of the way and that in the circumstances which developed her neglect of that duty was the cause of the collision. The Holly Park, 2 Cir., 39 F.2d 572; The Socony No. 19, 2 Cir., 29 F.2d 20; The M. J. Rudolph, 2 Cir., 292 F. 740. In Ocean S. S. Co. v. United States, 2 Cir., 39 F.2d 553, we exonerated the overtaking vessel because the collision was due to a sudden sheer of the overtaken vessel resulting from her unmanageable steering gear and not from any maneuver on her part which could be foreseen or controlled.

The decree is reversed and the libel is dismissed as to the Gloria O. and is affirmed as to the Top Sergeant. The decree dismissing the libel as to the Ariosa is reversed and a decree is granted allowing the libelants to recover from the Ariosa the damages which they have been found to have suffered, together with interest and costs.